## Foster v. Pure Coal Company.

*Corporations—Consolidation and merger—Suit against consolidated company for prior debts—Statement of claim—Practice, C. P.*

1. In an action against a corporation for coal sold and delivered, where plaintiff alleges in his statement of claim that the defendant company had consolidated and merged with another company whose contracts it had agreed to carry out, but that he was unable to state the precise details of the consolidation, the statement of claim is not fatally defective because it fails to aver that the other company was a corporation, or because it fails to set out the details of consolidation or that the plaintiff had used due diligence to ascertain such details.

2. In such case, it is not necessary to aver a written undertaking by the defendant to pay the debt of the other company.

3. In the consolidation of two corporations, the Statute of Frauds of April 26, 1855, P. L. 308, does not apply regarding liabilities of the one merged.

Affidavit of defence in the nature of a demurrer. C. P. Centre Co., May T., 1925, No. 84.

*Boulton, Forsythe & Bell* and *George W. Zeigler,* for plaintiff.

*Liveright & Chase* and *Harry Keller,* for defendant.

POTTER, P. J., 17th judicial district, specially presiding, Sept. 28, 1925.— This is an action of *assumpsit* brought by the plaintiff against the defendant for the recovery of a certain sum of money which he claims they owe him by way of commissions on coal sold for them and their predecessors.

A statement was filed by the plaintiff, which the defendant has replied to by an affidavit of defence raising questions of law, which we have before us, the first reason being as follows: "The plaintiff does not aver that Hammond Coal Company is a corporation."

It seems the plaintiff was selling coal for the Hammond Coal Company on commission, who sold out to the Pure Coal Company, who continued to carry out the contracts of the Hammond Coal Company for the supply of coal to consumers, one at least of which the plaintiff had secured. The statement does not show us whether the Hammond Coal Company is a corporation or not, but we fail to see why this omission, if such it is, is at all material. This company has not been sued and is in no way a party to the proceeding. No judgment could be taken against it in this suit, and it cannot be made liable even for costs. Then why the necessity of stating whether it is a corporation or not? It is not involved and cannot be, except as a witness only, this meaning the officers of it. We see no merit in this reason, and it is dismissed.

The second reason is as follows: "The plaintiff does not aver a merger or consolidation of Hammond Coal Company, a corporation, with Pure Coal Company, a corporation."

Foster v. Pure Coal Company.

In the 20th paragraph of his statement the plaintiff sets out that the Hammond Coal Company informed him that they intended to sell out to the Pure Coal Company, and that the latter company informed him that they had taken over the Hammond Coal Company; and in paragraph 28 he avers the consolidation of these two companies, stating that the precise details of which are unknown to him. Of course, if he does not know of these details he cannot state them, and he has no method before trial of getting this information, at least not at so early a date as when the statement must be filed. In paragraph 29 he again mentions the consolidation of these two companies. We think, so far as this reason is concerned, he has given all the information he had and all the law requires, and this reason is also dismissed.

The third reason is as follows: "The plaintiff does not aver any merger or consolidation of Hammond Coal Company with Pure Coal Company under the laws of Pennsylvania whereby Pure Coal Company could or would become responsible for any obligations or debts of Hammond Coal Company, assuming that Hammond Coal Company were a corporation."

As we have before said, a consolidation of these two companies is alleged by the plaintiff, and in paragraph 29 of his statement it is alleged that by this consolidation the Pure Coal Company assumed and agreed to pay the debts owed by the Hammond Coal Company, as plaintiff is informed and believes and expects to prove. Just how this consolidation was effected is unknown to the plaintiff and is very difficult for him to ascertain. He must need go into the enemy's camp to do so, and then could not get the desired information unless they decide to give it to him. The defendant herein admits it to have been a corporation.

The fourth reason is as follows: "The plaintiff's statement does not aver diligent effort made by the plaintiff to learn the facts as to the alleged merger and/or consolidation of Hammond Coal Company with Pure Coal Company, nor does plaintiff's statement aver inability to ascertain the details of such merger and/or consolidation."

So far as concerns the case before us, one of the contentions of the plaintiff is that when these two companies became consolidated, the Pure Coal Company assumed and agreed to pay the debts owed by the Hammond Coal Company. This allegation is made in the statement, in the 29th paragraph, and it is therein alleged that the plaintiff is so informed, believes and expects to so prove at the trial of the case. If he is so informed, he surely has made inquiry respecting these allegations. As to the consolidation or merger of these two concerns, in paragraph 28 this is alleged. Just how this consolidation was accomplished he does not know, and we fail to see how the method thereof is material here. The one thing that is material is that the Pure Coal Company assumed and agreed to pay the debts of the Hammond Coal Company, and that allegation is unequivocally made in the statement. We think this is sufficient, and this reason is also dismissed.

The fifth reason is as follows: "The cause of action asserted in the plaintiff's statement is contrary to and in violation of the Act of April 26, 1855, P. L. 308, commonly known as the Statute of Frauds and Perjuries, and the amendments and supplements thereto."

We think there is no merit in this reason. If both these companies are corporations, or were so when they became consolidated, and the defendant admits they were, by legal profession the Pure Coal Company was obliged to assume the debts of the Hammond Coal Company which was known, or should have been known, to them both. The function of a plaintiff's statement is to notify the defendant of the items of his claim. This has been done by

Foster v. Pure Coal Company.

the plaintiff when he sued the Pure Coal Company for the amount he claims from both of them, and the defendant well knew whether or not they are liable for it by reason of this consolidation. They well knew that if the Hammond Coal Company was a corporation when they took it over, or consolidated or merged, and they admit it was, they became liable for the debt due from the Hammond Coal Company to the plaintiff, if indeed there is one. We see no necessity of telling them a thing they already know. In the consolidation of two corporations, the Statute of Frauds and Perjuries does not apply regarding liabilities of the one merged. In the case of partnerships or individuals, it may. This reason is also dismissed.

The sixth reason is as follows: "The plaintiff's statement does not aver a written undertaking by the defendant to pay the debt alleged to be due from Hammond Coal Company to the plaintiff."

Since we have intimated that the Statute of Frauds and Perjuries does not apply here, no written undertaking on the part of the Pure Coal Company to pay the debts of the Hammond Coal Company is necessary. And this reason is also dismissed.

The courts universally are getting away from technicalities and are getting down to the merits of cases brought for trial, and this is as it should be. The writer hereof is not strong for technical pleading by any means. The increase of litigation, as well as the rights of the respective parties, demand that causes for trial be proceeded with as expeditiously as possible. The matters contained in the reasons assigned by way of demurrer can and will be properly cared for upon the trial of this case. Although the statement is not, perhaps, as concise as it might be, we think it sufficiently sets up the plaintiff's claim against the defendant, and gives sufficient notice to place the defendant upon the defensive as to all matters material to the trial of this case.

And now, to wit, Sept. 28, 1925, the specifications set up by way of statutory demurrer are all dismissed, and the defendant is given fifteen days from this date in which to file an affidavit of defence to the merits of the case.

From S. D. Gettig, Bellefonte, Pa.